S. C., Hay., 210.
Nunnellee brought an action of debt in the Rutherford Circuit Court, against James Morton, deceased, in his lifetime, for one hundred and seventy-nine dollars and sixty-one and one-fourth cents, with interest on $174.56¼, part thereof, from the first day of April, 1802, till paid. The declaration, or that part of it which it is necessary to notice, was in these words: "That he render unto him the sum of $179.61¼ cents, with interest on $174.56¼, part thereof, at the rate of six per cent. per annum, from the 1st day of April, 1802, until payment, which to him he owes, and from him unjustly detains." The declaration then goes on to state, that "on the 21st day of May, 1805, in the County Court of Pittsylvania, in the State of Virginia, the plaintiff, Nunnellee, recovered a judgment against the said Morton for the sum of fifty-two pounds, seven shillings, and four-pence halfpenny, equal in value to $174.56¼ cents, with interest thereon at the rate of six per centum per annum, from the 1st day of April, 1802, till payment, being part of the said sum of $179.61¼ cents, with interest, c. damages for the non-performance of certain promises, c. and the further sum of $4.94 which were adjudged to the said plaintiff, in said Court, for his costs,c. being the residue to the said sum of $179.61¼ cents, with interest;c." The declaration contains the usual averments as to the existing force of the said judgment, and the non-payment thereof.
During the pendency of the suit James Morton departed this life; and the action was revived in the name of the defendants as executors.
The defendants appeared after the declaration was filed, and craved oyer of the writ, which is set out in the record, and states that the defendant was summoned *Page 22 
to answer the plaintiff in a plea of debt, that he render unto him the sum of $179.61¼, with interest at the rate of six percentum per annum on the sum of $174.56¼, part thereof, from the 1st day of April, 1802, until payment, c.
To this writ, and the declaration consequent thereon, the defendants filed a special demurrer and assigned for causes, —
1. "The said Edward hath, in his writ and declaration, demanded of the said James a sum uncertain and unliquidated as a debt.
2. "Part of the sum demanded in said declaration appears not to have been due at the time suit was commenced.
3. "The same sum appears to be claimed in said writ and declaration, both as debt and as damages."
The plaintiff joined in demurrer, and the judgment of the inferior court was given in favor of the defendants; to reverse which this writ of error was prosecuted.
From the consideration given this case, it is believe that in an action for debt the plaintiff should demand a specific sum. His recovery is to be in numero, and not in damages. In this case a specific sum is demanded, viz. $179.61¼ cents; and the only doubt is whether the subsequent words "with interest, c." will render that uncertain which was before certain, and thereby defeat a recovery. It is believed they will not. If you reject them, in both the writ and declaration, it will be found that both the writ and declaration will read well, and are formal enough. Therefore, should it become necessary, it is conceived they may be rejected as surplusage, upon the principle that utile perinutile non vitiatur. Suppose nothing to have been said in the writ or declaration as to the demand of interest, and the party had, in the substantial part of his declaration, set out the judgment upon which the suit is founded correctly, could he not have recovered *Page 23 
the interest as damages? I do not say certainly that he could; I am far from being convinced that he could not. I am aware of the authorities which say that where the interest is a part of the contract, and you wish to recover it, you must demand it as a part of the debt; and that you can only recover interest as damages when it follows as a legal consequence for unjustly withholding payment after the principal has become due. Still, it is conceived it may fairly be insisted that, in both cases, interest may be recovered as damages. In the one case, by the consent of the parties; and in the other, by the operations of the law. That in the first case the only effect of this part of the contract is, by the consent of the parties to fix an earlier time for the commencement of interest than the law would point out; and that there can be no good reason why a party should demand as a principal debt that which is really only a consequence of it, and which will not carry interest. Perhaps the interest is, in each case, whether accruing by contract, or operation of law, only considered de incremento. But it is not conceived material in this case to decide that question; because, if it be necessary that the interest should be demanded, it can only be for the sake of apprising the defendant that the whole amount of the contract is claimed against him; and that is as effectually done in this case as it was possible to do it The principal is stated specifically; the time at which interest is to commence is fixed, and it was not possible to fix the termination of the interest; because it is only to stop when the money is paid, and when that is done there is no ground for dispute.
To give judgment for the plaintiff will not produce any material departure from the demand made in the writ and declaration. Probably this may be a strong case for the plaintiff, as it is founded on a judgment. It is not an express contract of the parties, but an implied undertaking that every man makes to abide by the judicial determinations made against him.
The judgment of the Circuit Court ought to be *Page 24 
reversed, and judgment given for the plaintiff for his debt, with interest from the first day of April, 1802, to this time. After judgment is recovered, under our law, interest is converted into principal, and both demand interest until the money is paid.
Williams, J., concurred.